IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PHILLIP MARTINEZ, individually,
and as Parent and Next Friend of
Phillip and Darlene Martinez, minors,
and RICARDO SARMIENTO,

        Plaintiffs,
  vs.                                                                                        No. CIV 08-1046 WJ/LFG

PETER CAMACHO, GARY CARSON,
DON MANGIN, JASON BOWIE,
JAMES LAPORTE and MIKE BOUSKA,

        Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LIMITED DISCOVERY

THIS MATTER is before the Court on Plaintiffs' Motion for Limited Discovery [Doc. 38]. No response to the motion is required.

Together with the motion, Plaintiffs append a Fed. R. Civ. P. 56(f) affidavit in which they seek to take limited discovery on the issue of qualified immunity so as to respond to two motions for summary judgment raising qualified immunity [Docs. 28 and 33], filed by Defendants Mike Bouska, Gary Carson, and Don Mangin.

In accord with the requirements outlined in Ben Ezra, Weinstein & Co. v. America Online Inc., 206 F.3d 980, 987 (10th Cir. 2000), Plaintiffs seek to take specific, but limited, discovery. On the deposition of Peter Camacho, Plaintiffs propose to limit their deposition to Camacho's actions and observations on the night in question. They will limit discovery to what Camacho saw that night, his motivation for approaching Plaintiffs, what he communicated to Defendants Bouska,

Carson and Mangin, when he made those communications and the specific commands issued by Camacho as he exited the vehicle. The deposition of Defendant Camacho will be allowed, limited to the inquiry proposed by Plaintiffs as described above.

In reference to the depositions of Defendants Mangin and Carson, Plaintiffs propose to limit the depositions to what these Defendants actually saw as they drove up Geraldine Street; what Defendant Camacho communicated to them; and when Defendant Camacho made the statements. Plaintiffs also wish to inquire into Mangin and Carson's meaning of the terms "loitering," "fleeing," "instructed," "commanded," "detention," "detained," "restrained," "arrested," and "delivered." Plaintiffs also wish to inquire of these two Defendants whether Plaintiffs fled before being ordered to stop by Defendant Camacho. In reference to Defendant Mangin, Plaintiffs seek to depose him "in relation to statement he made under oath that he was not serving as a probation and parole officer on the night in question."

The depositions of Defendants Mangin and Carson will be allowed, limited to the inquiry proposed by Plaintiffs as described above.   However, to the extend Plaintiffs seek to examine factual inconsistencies concerning the affidavits, incident reports and statement of probable cause, those matters appear to go well beyond the issue of qualified immunity and will not be permitted at this juncture.

In reference to the deposition of Defendant Bouska, Plaintiffs propose to depose him to determine what he saw as he and others drove along Geraldine Street that night; what Defendant Camacho communicated to him; and when Defendant Camacho made any statements. As with the two prior deponents, Plaintiffs also wish to ask Defendant Bouska about the use and meaning of the terms "loitering," "fled," "ordered," "seizure," and "detention." They will also inquire as to how and under what conditions he exited the car that evening.

The deposition of Defendant Bouska will be allowed limited to the inquiry proposed by Plaintiffs as described above.

The Court determines that Plaintiffs have made an adequate demonstration under the requirements of Ben Ezra by advising what depositions they wish to take and, specifically, how the evidence to be adduced will assist them in overcoming Defendants' *prima facie* showing of entitlement to judgment.

The Court concludes that limited discovery as requested by Plaintiffs and outlined by the Court herein is permissible. The discovery requested is similar to that sought in DiMeglio v. Haines, 45 F.3d 790, 795 (4th Cir. 1995)("in instances where there is a material dispute over what the defendant did, and under the plaintiff's version of events the defendant would have, but under the defendant's version, he would not have, violated clearly established law, it may be that the qualified immunity question cannot be resolved without discovery . . . . In such circumstances, it simply may be impossible to protect the defendant from all of the burdens that attend the pretrial process").

Such is the case here, Plaintiffs agreed to specifically limit the nature and scope of discovery to those areas outlined in their motion and adopted, for the most part, by the Court. Accordingly, under the "narrowly tailored" requirements of Maxey by Maxey v. Fulton, 890 F.2d 279, 283 (10th Cir. 1989), the Court authorizes Plaintiffs to take the depositions of Camacho, Mangin, Carson and Bouska. Each deposition will be limited in scope to those areas outlined herein, and each deposition may last no more than two hours.

The Court will grant Plaintiffs 45 days from date of this order, that is, until August 13, 2009, to take these depositions. Since they will be taken during the summer months, it is possible that vacation plans or scheduling difficulties may require some limited additional time. If that is the case, the parties are to notify the Court for a brief extension.

Upon completion of the last deposition or 45 days–August 13, 2009--Plaintiffs will have an additional twenty days within which to respond to the pending motions for summary judgment.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge