**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

PHILLIP MARTINEZ,
Individually, and as Parent and Next Friend of
PHILLIP and DARLENE
MARTINEZ, minors, and,
RICARDO SARMIENTO,

      Plaintiffs,

            v.                       No. 08-CV-1046-WJ-LFG

PETER CAMACHO, GARY CARSON,
MIKE BOUSKA, DON MANGIN,
JASON BOWIE, JAMES LAPORTE,
in their individual capacities,

      Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATIONS REGARDING MOTION TO STRIKE WITH MODIFICATION**

THIS MATTER comes before the Court sua sponte, following a hearing on objections to

the Report and Recommendations entered by Magistrate Judge Lorenzo F. Garcia.  The Report

and Recommendations addressed Defendants' Motion to Strike **(Doc. 84)** and recommended

sanctions for violation of a stay order on discovery in this case.  Having considered the parties'

briefs and the applicable law, as well as oral argument on the matter, the Court adopts Judge

Garcia's recommendations with modification in that Defendant Camacho's sworn statements

which have been used as exhibits in the dispositive motions shall be stricken.  The Court shall

not adopt the other recommendations.  Instead, the Court orders that Plaintiffs' counsel shall

bear the costs of Defendant Camacho's deposition which will be taken within the limits allowed

for qualified immunity purposes.

**Background**

**I.      Procedural Background**

A.       History of Court's Stay Order

On June 22, 2009, Magistrate Judge Lorenzo Garcia entered an Order Staying Discovery

in this Case ("Stay Order," Doc. 37), pending a ruling on the summary judgment motion on

qualified immunity filed by Defendants Carson and Mangin (Doc. 33).[1]  On June 24, Plaintiffs

sought a stay on responsive deadlines for the summary judgment motion and for discovery

pursuant to Rule 56(f) (Docs. 38 and 39).  On June 29, 2009, Judge Garcia entered an Order

granting the stay on responsive deadlines and allowing Plaintiffs to depose Defendants

Camacho, Mangin, and Carson limited to specific inquiries related to the qualified immunity

analysis Doc. 40.

On June 25, 2009, three days *after* the Court entered the stay on discovery and four days

*before* the Court allowed limited discovery, Plaintiffs' counsel took recorded statements of

Camacho, Bowie and LaPorte ("City Defendants").  Counsel for Plaintiffs and Mr. Stephen

French, counsel for City Defendants were present when the statements were given, but no notice

was given to counsel for the Carson and Mangin ("State Defendants").

The Court ruled on the State Defendants' summary judgment motion on December 9,

2009, granting summary judgment on Plaintiffs' excessive force claims and denying the motion

on Plaintiffs' claims of unlawful stop and detention brought under the Fourth Amendment.  Doc.

55.  In their reply, Defendants moved to strike Plaintiffs' Exhibit 3, which was attached to the

response, advising the Court that the exhibit contained statements taken from a deposition of

---

[1]    The Stay Order stated that "all discovery in this case be stayed pending the Court's consideration and disposition of the qualified immunity motion."). Doc. 37 at 2.

Defendant Camacho ("Camacho Statement") in disregard of the Stay Order and without giving

notice to counsel.  The Court noted that it did not rely on Exhibit 3 in ruling on the summary

judgment motion, but left it "to the discretion of defense counsel whether to seek sanctions

against Plaintiffs' counsel."  Doc. 55 at 4 n.5.

On April 5, 2010, Plaintiffs filed a Motion for Summary Judgment as to Liability (Doc.

77), which included as Exhibit B recorded statements made by Defendant Camacho.[2]  State

Defendants subsequently filed a Motion to Strike seeking exclusion of Exhibit B not only from

the summary judgment pleadings but also from any subsequent pleadings or testimony on the

grounds that these statements were obtained during the Court's stay of discovery.  Doc. 84.  The

Court referred the Motion to Strike to Judge Garcia for recommended findings and disposition.

Doc. 91.

B.     Judge Garcia's Report and Recommendation

Judge Garcia entered his findings in a Report and Recommendation ("R&R") which

concluded that conduct of Plaintiffs' counsel and counsel for the City Defendants was

sanctionable because the statements of the City Defendants were taken in violation of the

Court's Stay Order and without notice to counsel for the State Defendants.  Doc. 98 at 8.  Judge

Garcia recommended that counsel for the State Defendants be awarded their reasonable

attorney's fees in the amount of $2,000.00 for briefing related to the motion to strike as well as

briefing related to that portion of the reply to the motion for summary judgment based on

qualified immunity.  Doc. 98.  That amount was to be "divided evenly between Plaintiffs'

counsel and defense counsel and defense counsel Stephen French, who represented Defendants

---

[2] Although Defendants Bowie and LaPorte were interviewed as well, only the sworn
statement of Defendant Camacho appears to be at issue.

Camacho, Bowie, LaPorte.

The R&R also recommended re-briefing of Plaintiffs' motion for summary judgment in order to remove the offending exhibit as well as any reference to the exhibit in facts or argument. In addition, Judge Garcia recommended that none of the recorded statements of the City Defendants be used in any manner in this case.  Judge Garcia subsequently modified the R&R to withdraw the finding that Mr. French should be sanctioned, acknowledging that Mr. French had not been afforded an opportunity to be heard on the issue (Doc. 111).  The Court allowed parties the chance to object or respond to the R&R in light of this modification (Doc. 117), and all parties did so (Docs. 110, 114, 115 & 116).  A hearing on the matter was held on August 17, 2010 at which oral argument was presented by Mr. Paul Kennedy for Plaintiffs, and Ms. Lisa Pullen for the State Defendants.

The Court need not address the matter of sanctions regarding Mr. French, whose participation in the interviews was confined to facilitating possible settlement of the case with his clients.  He advised counsel for the State Defendants about the recorded interviews, who understood that the purpose for the interviews was for settlement until Plaintiffs attached those statements as an exhibit to the summary judgment pleadings and used against the State Defendants whose counsel was not present at the interviews.  Doc. 115 at 2.  Mr. French shares the views of Plaintiffs' counsel in that the interviews of his clients were not depositions because they were not compelled to participate in the interviews, and that the scope of the Stay Order was not delineated clearly enough to cover those interviews.

At the hearing, neither side took issue with Judge Garcia's withdrawal of the recommendation of sanctions as to Mr. French.  The Court adopts this position as well, in light of my findings on the matter.

4

**Discussion**

At the hearing, Mr. Kennedy argued that the taking of those sworn statements were themselves a voluntary exercise of free speech entitled to First Amendment protection, and that the recorded interviews of the City Defendants were not depositions and thus not conducted in violation of the Court's Stay Order on discovery.  The City Defendants appeared at the interviews voluntarily; and the proceedings took place without invoking either the Court's compulsory powers over attendance or the rules of discovery.  An employee of Mr. Kennedy swore in the witnesses being questioned, which Mr. Kennedy noted would be sufficient under Rule 56(c), but not under Rule 32 which governs the use and taking of depositions.  A court reporter was not present to record the statements; rather, a tape recording was made of the statements which were transcribed later by a court repoerter.  Counsel maintained that while the statements were made under oath, they are tantamount to affidavits rather than depositions and as such were not prohibited by the Stay Order.  Mr. Kennedy further contended that counsel had received insufficient notice that the statements would be regarded by the Court as more than mere affidavits which were admissible under Rule 56(c) and that they could form the basis for sanctionable conduct.

Ms. Pullen argued that the taking of the State Defendants' sworn statements was in blatant disregard of the Stay Order, and of Rules 26, 30 and 37 of the Federal Rules of Civil Procedure, particularly because it was done without notice to counsel for State Defendants.  The question-and-answer format was not bound by the limited scope in Judge Garcia's Order allowing inquiry tailored to a qualified immunity inquiry, and defense counsel was not on hand to object to the form or scope of the questions asked by Plaintiffs' counsel, to cross-examine the witnesses or to clarify the responses given. Ms. Pullen acknowledged that Plaintiffs' counsel

could have presented the same information obtained through the interviews in an affidavit form,

which would have been acceptable under Rule 56(c) and not violated the Stay Order.  However,

even after defense counsel objected when Plaintiffs used the recorded statements from the

interview as an exhibit in the summary judgment reply, Plaintiffs continued to use the same

exhibit in their own summary judgment motion.

The taking of the City Defendants' sworn statements has caused quite a legal ruckus, all

of which could have been easily avoided by Plaintiffs' counsel waiting all of four days for Judge

Garcia's Order allowing limited discovery pursuant to Rule 56(f), and then just deposing

Defendant Camacho under Rule 32 within the limits set forth by the Court.  Alternatively,

Plaintiffs' counsel could have prepared a traditional form of an affidavit from the contents of the

taped statement. Not doing so has resulted in a huge waste of chamber resources, as well as the

time that defense counsel has had to spend dealing with the fall-out caused by Plaintiffs' actions.

The Court is not as convinced as Plaintiffs' counsel that the sworn interviews can be

characterized as affidavits.  The undersigned has never seen an "affidavit" in the form of

questioning by an attorney and responses to those questions given by the sworn witness.  On the

other hand, the interviews of the City Defendants lacked some of the hallmarks of a deposition in

that they were not compulsory and a court reporter was not present to make a live record.  Mr.

Kennedy pointed out that the sworn statements obtained through the interview are exactly the

kind of evidence that is allowed under Rule 56(c) for summary judgment purposes.  However,

the fact that such statements are admissible under Rule 56(c) still begs the question of whether

taking them violates a stay order which has prohibited *all* discovery: Rule 56(c) allows contact

for potential witnesses, but is silent as to what is permissible when a broad stay order is in place.[3]

I am aware of no prohibition against counsel meeting informally to discuss potential

settlement.  I can understand that obtaining the statements of certain defendants would be helpful

in a civil rights case to evaluate the strength of the case.  I can also understand that in

contemplating dismissal for the City Defendants, Plaintiffs' counsel would be interested in

obtaining the statements of these individuals under oath, particularly if those individuals are

potential witnesses for trial.  However, counsel did not use the statements for investigatory or

settlement purposes alone.  Instead, Plaintiffs' counsel proceeded to use what I can best describe

as a "hybrid" between a deposition and an affidavit in a dispositive motion against defendants

whose counsel was not noticed to be present when the statements were obtained.   The format of

the recorded interview possesses characteristics of a discovery proceeding sufficient to suggest

that the Stay Order was violated, if not technically, then in spirit.  The Stay Order did not stay

the taking of depositions only; it stayed *all* discovery.

## Conclusion

In sum, I find and conclude that a measure of sanctions are appropriate, given that the

clear and express language of the Stay Order prohibited *all* discovery, and that this language

provided adequate and fair notice to the parties regarding the scope of discovery that would be

---

[3]   Plaintiffs' counsel cited to cases which did not involve a stay order, and thus those cases are not helpful.  *See West Coast Life Ins. Co. v. Life BrokeragePartners, LLC*., No. 08-80897, 2009 WL 2244223, at *3 (S.D. Fla. 2009); *Duffee v. Murray Ohio Mfg.*, 160 F.R.D. 602, 604 (D. Kan. 1995).  Counsel also cited to *In re Tyco Internat'l Ltd*., 2001 WL 34075721 (D.N.H.), in which the court held that "non-compelled interviews of a third party" did not violate the stay order which was in place subject to the Private Securities Litigation Reform Act. However, *Tyco* involved interviews were of former employees, not parties.  Also, these interviews were purely "investigatory interviews" which did not become part of a summary judgment motion exhibit which was used against parties that were not present at the interview – as occurred here.

allowed unless the Court allowed further discovery under Rule 56(f).

The Court agrees with the recommendation withdrawing sanctions against Mr. French,

and with the recommendation that the Camacho Statement, as well as all reference and use of the

Statement, be stricken from all use and reference in the pending motions.  To accomplish this

most efficiently, the Court will deny without prejudice the pending motions which, to one degree

or another, contain the offending exhibit.

However, I find that the recommended monetary sanctions, as well as the

recommendation that subsequent use of Defendant Camacho's testimony should be precluded, to

be excessive.  Instead, Defendant Camacho's deposition shall be taken, and Plaintiffs' counsel

shall bear all costs of the deposition.  These are costs which Plaintiffs' counsel would have

expended had they complied with the Court's order allowing discovery pursuant to Rule 56(f).

Given the resources expended by all concerned over the sworn statement of Defendant Camacho,

the Court will not consider any affidavit of Mr. Camacho but rather will only consider relevant

portions of a deposition transcript of Mr. Camacho prepared by a court reporter pursuant to

Fed.R.Civ.P. 30.

**THEREFORE,**

**IT IS ORDERED** that the Court makes the following rulings regarding the Report and

Recommendation of Defendants' Motion to Strike **(Doc. 84)**:

1.      No sanctions are imposed on Mr. Stephen French, counsel for State Defendants;

2.      Pending dispositive motions which contain the offending exhibit are hereby DENIED
        WITHOUT PREJUDICE:

        a.      Defendants Carson and Mangin's Renewed Motion for Summary Judgment (Doc.
                75) and

        b.      Plaintiffs' Motion for Partial Summary Judgment (Doc. 77);

3.      Parties may re-file the above motions with proper supporting exhibits, including a Rule 32 deposition testimony of Defendant Camacho which conforms to the limited scope set out in the Court's Order (Doc. 40);

4.      Parties shall file with the Court a briefing schedule for all remaining dispositive motions **on or before Friday, October 1, 2010**;

5.      Plaintiffs' counsel shall bear the costs of Defendant Camacho's deposition, the scope of which shall conform to the Court's Order limiting discovery (Doc. 40).  In the event parties cannot agree on the costs associated with the taking of the deposition, requested costs may be submitted for the Court's review;

6.      Finally, the Court notes that any references to Defendant Camacho's recorded interview as a "deposition" in its Memorandum Opinion and Order (Doc. 55) was inadvertent, and was based on characterization of the interview provided in the pleadings.  *See*, e.g., page 4, n.5, at 13, n.7.  The Court now views that description as inaccurate, having had the benefit of counsel's oral argument at the hearing.

UNITED STATES DISTRICT JUDGE