# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

———————————

PHILLIP MARTINEZ and RICARDO
SARMIENTO,

     Plaintiffs,

v.                                                            NO. 08-cv-1046 WJ/LFG

GARY CARSON and DON MANGIN,
in their individual capacities,

     Defendants.


**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT, FOR JUDGMENT AS A MATTER OF LAW ON UNLAWFUL ARREST CLAIM, AND FOR <u>PARTIAL ADDITIONAL TRIAL ON DAMAGES FOR CONTINUED DETENTION</u>**

THIS MATTER comes before the Court on Plaintiffs' Motion to Alter Judgment or Amend Judgment, for Judgment as a Matter of Law on Unlawful Arrest Claim, and for Partial Additional Trial on Damages for Continued Detention (Doc. 195). Plaintiffs' request to Alter Judgment or Amend Judgment shall be granted, and Plaintiffs' request for Judgment as a Matter of Law on Unlawful Arrest Claim and for Partial Additional Trial on Damages for Continued Detention shall be denied.

Phillip Martinez and Ricardo Sarmiento ("Plaintiffs") are residents of Rio Rancho. Defendants Don Mangin and Gary Carson ("Defendants") were at the time of the underlying events employed by the New Mexico Department of Corrections ("NMDC"). The case proceeded to jury trial on Plaintiffs' claims alleging Fourth Amendment violations based on unlawful seizure and excessive force, and on April 6, 2011, the jury returned a verdict in favor of

Plaintiffs in the amount of $2,500 in compensatory damages and $2,500 in punitive damages against each Defendant (Doc. 191).

Plaintiffs now move the Court to alter or amend the judgment, and move for judgment as a matter of law on the unlawful arrest claim and for a partial additional trial on damages for continued detention. First, Plaintiffs wish the judgment form to be corrected to note which claims went to trial before the jury. Second, Plaintiffs argue that because the jury found that Defendants did not have reasonable suspicion to stop Plaintiffs and that Defendants' conduct was malicious, willful, reckless, or wanton meriting an award of punitive damages, then Defendants should be liable to Plaintiffs for a full custodial arrest. Third, Plaintiffs request an additional partial trial on the issue of whether Defendants caused Plaintiffs to be further detained by Rio Rancho Department of Public Safety ("DPS") officers in violation of Plaintiffs' constitutional right to be free of false arrest.

## I.      Motion to Alter or Amend the Judgment

There are four traditional grounds for altering or amending a judgment under Rule 59(e): to incorporate an intervening change in the law, to reflect new evidence not available at the time of trial, to correct a clear legal error, and to prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Rule 59(e) amendment may be particularly appropriate where . . . the amendment reflects the purely clerical task of incorporating undisputed facts into the judgment." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

Currently, the judgment form does not make reference to the claims that were before the jury and on which the jury rendered its verdict. The claims the verdict form presented to the jury are a matter of undisputed fact. *See* Jury Verdict for Plaintiffs (Doc. 191). Therefore, there is no

2

reason to deny Plaintiffs' request. The judgment form shall be amended to indicate which claims came before the jury.

## II.      Motion for Judgment as a Matter of Law on Unlawful Arrest Claim

The jury found that Defendants violated Plaintiffs' Fourth Amendment rights to be free of unlawfully seizure without reasonable suspicion (Doc. 191). The jury also found that this conduct was so malicious, willful, reckless, or wanton as to merit an award of punitive damages. Plaintiffs argue that this "call[s] into question" the Court's earlier conclusion that the scope and length of the Plaintiffs' detention rendered it an investigatory detention rather than a full custodial arrest. Doc. 195 at 3. Plaintiffs rely on the following conclusions from the Court's memorandum opinion and order on cross-motions for summary judgment:

> Defendants have maintained that they were justified in using this level of force due to officer safety concerns. While the catchphrase "officer safety" is not an automatic ticket out of liability, police officers are entitled to take actions based on objectively reasonable concerns about officer safety that they would not be entitled to take absent those concerns. Here, it is undisputed that Defendants were patrolling an area they believed to have a high crime rate, it was late at night, and Plaintiffs were standing around in an area that was not well lit. While these observations do not support the detention itself without particularized evidence of a crime, they are certainly relevant to the issue of officer safety once the stop has been initiated.
> Furthermore, one of the men standing with Plaintiffs, Mr. Castro, fled once Defendants approached, and Lt. Camacho pursued the man inside the apartment building. With no way of knowing who else was present at the scene or what was happening inside the building with Lt. Camacho and the third man, Defendants acted reasonably in detaining Plaintiffs with a showing of force, for a brief period of time. The Court finds that this situation meets all the hallmarks of an investigate detention responsive to officer safety concerns—assuming, of course, that Defendants had a reasonable basis to seize Plaintiffs in the first place.

Doc. 135 at 13 (citations omitted). Plaintiffs point out that the "assum[ption] . . . that Defendants had a reasonable basis to seize Plaintiffs in the first place" was rejected by the jury. This is correct. However, Plaintiffs' conclusion that this invalidates the Court's findings regarding the

scope and length of the detention is misplaced.

On summary judgment, the undisputed facts showed that: (1) Defendants were patrolling an area they believed to have a high crime rate; (2) it was late at night; (3) Plaintiffs were standing around in an area that was not well lit; (4) one of the men who had been standing around with Plaintiffs fled once Defendants approached; (5) Lt. Camacho pursued the man inside the apartment building; and (6) Defendants had no way of knowing what was going on inside the apartment building. Plaintiffs' detention by Carson and Mangin did not exceed the period of time when Lt. Camacho was engaged in the pursuit of the third man into the apartment building. Therefore, the Court ruled that the length and scope of the detention as a matter of law did not amount to a full custodial arrest. The fact that the jury found no reasonable suspicion supports *only* the conclusion that Defendants are liable for an unlawful investigatory detention. A careful reading of the Court's memorandum opinion and order as quoted above makes it clear the "assumption" in question was only a caveat, clarifying that the Court was not granting summary judgment to Defendants on the issue of whether they had a reasonable basis to stop Plaintiffs in the first place. In short, the finding that Defendants lacked reasonable suspicion does not automatically lead to the finding that Plaintiffs were subject to an unlawful arrest. Plaintiffs conflate the two issues in their present motion.

Lastly, Plaintiffs' citations to case law do not stand for the proposition that when an investigatory detention is initiated without reasonable suspicion, the "use of handcuffs and other forceful techniques" amount to a full custodial arrest as a matter of law. While *Manzanares v. Higdon* admonishes that "[c]onsidering the purpose of a detention is appropriate in determining whether it was an arrest," 575F.3d 1135, 1148 (10th Cir. 2009), Plaintiffs' argument does not necessarily follow from this admonition. The Court found on summary judgment that, given that

4

the purpose *of the detention* was to secure Plaintiffs due to concerns for officer safety while Lt. Camacho was inside the apartment building, the length and scope of the detention amounted to an investigatory detention and not a full arrest. This purpose is not the same as the purpose for the initial stop (suspected drug transaction). Thus, Plaintiffs' motion must be denied.

### III.     Motion for a Partial Additional Trial on Damages for Continued Detention

Plaintiffs move for an additional trial on the issue of whether Defendants caused Plaintiffs to be further detained by Rio Rancho DPS officers in violation of Plaintiffs' constitutional right to be free of false arrest. This involves reconsideration of the Court's earlier orders finding that there was no evidence that Defendants Carson and Mangin knew or should have known that Plaintiffs' rights would have been violated by the DPS officers (Doc. 135 at 13-14 & Doc. 179 at 3-11). For the reasons set forth in those orders, Plaintiffs' motion is denied.

**THEREFORE, IT IS ORDERED** that Plaintiffs' Motion to Alter Judgment or Amend Judgment, for Judgment as a Matter of Law on Unlawful Arrest Claim, and for Partial Additional Trial on Damages for Continued Detention (Doc. 195) is GRANTED IN PART and DENIED IN PART. The Judgment shall be amended to reflect the claims that were presented to the jury in this case, and the balance of Plaintiffs' Motion is DENIED.

_____
UNITED STATES DISTRICT JUDGE