IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PHILLIP MARTINEZ, Individually,
and as Parent and Next Friend of
PHILLIP and DARLENE MARTINEZ,
Minors, and RICARDO SARMIENTO,

    Plaintiffs,

v.                                                                                            No. 08-cv-1046 WJ/LFG

GARY CARSON and DON MANGIN,
in their individual capacities,

    Defendants.

### MEMORANDUM OPINION AND ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW

THIS MATTER comes before the Court on Defendants' First Motion for Judgment NOV filed May 6, 2011 (Doc. 202). Defendants renew their motions for judgment notwithstanding the verdict made during trial and, in the alternative, request a new trial. Defendants argue that (1) insufficient evidence was introduced at trial to support the jury verdict and qualified immunity should have been granted as a matter of law; (2) evidence of post-investigatory detention conduct was erroneously introduced; (3) special interrogatories should have been given to the jury relevant to the qualified immunity defense; (4) a duty to mitigate instruction should have been given to the jury; and (5) there was no evidence to support an award of punitive damages. Plaintiffs oppose the motion. I find that the motion is not well taken and, accordingly, shall be denied.

Plaintiffs object to Defendants' motion in general because Defendants did not order and

cite to the relevant portions of the trial transcript to back up their assertions concerning testimony elicited at trial. Plaintiffs argue that "a party filing a written motion 'must submit evidence . . . in support of allegations of fact,' and 'the failure to file a trial transcript precludes review' of a challenge to the sufficiency of the evidence." Doc. 204 at 2 (citing D.N.M.LR-Civ. 7.3(b); *Dawson v. Johnson*, 266 F. App'x 713, 718 (10th Cir. 2008) (unpublished table decision); *United States v. Vasquez*, 985 F.2d 491, 495 (10th Cir. 1993)). Defendants' only argument in response is that the case law cited by Plaintiffs refers to a challenge to the sufficiency of the evidence on appeal, and the rule therefore does not apply to a sufficiency of the evidence argument raised before the trial court.

     Defendants' contention has no merit. It is Defendants' burden to show that the evidence supports their motion, and recollections of the Court or of counsel are not evidence. The trial in this case was three days long and occurred over three months ago. It defies common sense to assert that the Court should set aside a jury verdict based on recollections of testimony elicited so long ago. For instance, even the recollections of counsel for both sides differ. *Compare* Doc. 204 at 12 ("The recollection of Plaintiffs' trial counsel is that the Court decided to instruct the jury on the issue [of the disposition of the charges] after receiving a question from the jury, and that the Court also crafted a limiting instruction which served to mitigate any concerns about unfair prejudice to Defendants."), *and* Doc. 212 at 11 ("Rather the jury asked a question related to charges earlier in Plaintiffs' case . . . ."). The Court is similarly unclear as to when the issue of the disposition of the charges came up, and whether it was in the statement of the case or raised to the jury at some other point in time. Citations to the transcript would eliminate the need to argue over these points and give context to the Court's ruling to allow in evidence pertaining to the disposition of the charges.

**THEREFORE, IT IS ORDERED** that Defendants' First Motion for Judgment NOV (Doc. 202) is DENIED without prejudice to re-filing with appropriate citations to the trial transcript.

_____
UNITED STATES DISTRICT JUDGE