# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PHILLIP MARTINEZ and RICARDO
SARMIENTO,

       Plaintiffs,

    v.                                                 No. 08-CV-1046 WJ/LFG

GARY CARSON and DON MANGIN,
in their individual capacities,
Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION FOR CLARIFICATION

THIS MATTER comes before the Court upon Defendants' Motion for Clarification of Order, or in the Alternative, for Extension of Time to Appeal, filed August 22, 2011 **(Doc. 233)**. The issue is whwether this Court has jurisdiction to entertain Defendants' Amended Renewed Motion for Judgment Notwithstanding the Verdict, Or, In the alternative, For a New Trial." (Doc. 229).  Having considered the parties' briefs and the applicable law, I find that Defendants' motion is well-taken and will be granted, and that Defendants' Amended Renewed Motion for Judgment as a Matter of Law has been timely filed.[1]

Defendants Carson and Mangin ("Defendants" for purposes of this Order) filed a First Motion for Judgment as a Matter of Law ("JNOV") on the same day that Plaintiffs Martinez and Sarmiento filed a Notice of Appeal on May 6, 2011.  On May 23, the Court of Appeals abated appeal proceedings pending this Court's ruling on the JNOV motion.  Doc. 207.  On July 6, 2011, this Court denied Defendants' motion for JNOV "without prejudice to re-filing with appropriate citations to the trial transcript."  Doc. 215 at 3.

Defendants re-filed their JNOV motion on August 5, 2011.  Doc. 229 ("Amended Motion

---

[1] In light of the Court's disposition of the motion in favor of Defendants, no reply is necessary.

for Judgment NOV or in the Alternative, Motion for a New Trial").  The Tenth Circuit noted the filing of the motion, and also "reminded" parties "of the obligations imposed by Fed.R.App.P.12.1 which addresses the procedure that must be followed when there is a motion before the district court after an appeal has been filed:

> (a) Notice to the Court of Appeals. If a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue.
> (b) Remand After an Indicative Ruling. If the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal. If the court of appeals remands but retains jurisdiction, the parties must promptly notify the circuit clerk when the district court has decided the motion on remand.

Appellate Case 11-2095,  Doc. No. 01018691734, filed 08/10/2011; *see also* Fed.R.Civ.P. 62.1.

It is clear that the Notice of Appeal filed on May 9, 2011 did not affect the timeliness of the first motion for JNOV, nor was there any question concerning the Court's jurisdiction over that motion.  Rule 4(a)(4) of the Rules of Appellate Procedure provides that a notice of appeal shall be filed within thirty (30) days after entry of the order appealed from.  *See Stone v. I.N.S.*, 514 U.S. 386, 387 (1995) (Post-trial motions toll the time for review on appeal if filed before an appeal, but if filed after an appeal is taken, divests the court of jurisdiction).

It is not so clear whether the time restrictions in Rule 6(b) and Rule 50(b) are jurisdictional.  *See Art Attacks Inc, LLC v. MGA Entertainment Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009) (noting that Eighth and Second Circuits  have concluded that time restrictions in Rule 6(b) and Rule 50(b) are non-jurisdictional, and agreeing with those holdings).  Nevertheless, Plaintiffs contend that Defendants' renewed motion for JNOV is untimely because it was filed more than 28 days after the Judgment was entered.  They note that Defendants never actually requested an extension to re-file the motion to include transcript references and that they should

now have to face the consequences in the form of a loss of the right to re-file the motion. However, the transcripts were not ready for ordering until July 7, 2011 – two months *after* the first JNOV motion was filed.  Thus, Defendants' decision to proceed with filing the first motion without the transcripts is not so egregious as Plaintiffs describe.  Defendants purchased the transcripts when they were ready on July 15, 2011, 21 days before they filed the renewed motion for JNOV, after having time to review the considerable amount of material and draft the motion complying with the Court's instructions.[2]

Plaintiffs claim that the Court's denial of Defendants' first JNOV motion, and the lack of any request for an extension of time under Rule 60(b) precludes jurisdiction over the instant motion.  They also point out that even if the Court extended the deadline for re-filing the motion under either Rules 50 or 59, the most the Court could have given was 28 days.  Thus, they argue, the motion is still untimely.  The Court ruled on the first JNOV motion on July 6, 2011 (Doc. 215), and the renewed motion was filed on August 5, 2011 (Doc. 229), which, according to the rules of time computation under Fed.R.Civ.P. 6, renders the instant motion late by one day.[3]

However, the reasons for Plaintiffs' untimeliness arguments do not apply in this case. The Court was specific and express in its ruling in the first motion, which was not only a denial *without prejudice*, but an invitation to Defendants to re-file the motion.  Thus, as Defendants argue, the Court's ruling on the first motion was not a final order.  *See Mesa Oil, Inc. v. U.S.,* 467 F.3d 1252, 1254 (10th Cir. 2006).  To be final, a decision ordinarily "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment"; 28 U.S.C. § 1291.

---

[2] The Court has considered the parties' briefs on this issue as well as referring to pleadings related to Defendants' Amended Renewed Motion for Judgment as a Matter of Law, filed August 5, 2011 (Doc. 229).  Those pleadings also address the timeliness issue of the renewed motion.

[3] The Amended Judgment was entered on May 5, 2011 (Doc. 197). Defendants' renewed JNOV motion was filed on August 5, 2011 (Doc. 229).

The Court rendered the judgment non-final when it invited Defendants to re-file the renewed motion for JNOV with appropriate and specific references to the transcripts of trial testimony – which Defendants did. *See O'Connor v. Midwest Pipe Fabrication, Inc.*, 972 F.2d 1204, 1208-09 (10th Cir. 1992) (where order not final for purposes of appeal because further proceedings on the merits of the contempt determination were plainly contemplated by the court).

The Court finds a Second Circuit case, *U.S. East Telecommunications, Inc. v. West Information Systems, Inc.*, cited by Defendants to be on point and to be persuasive authority.[4] Similar to this case, defendants in *U.S. East* filed a timely motion for JNOV when the trial transcript was unavailable. 15 F.3d 261 (2d Cir. 1994). The trial judge concluded that a copy of the trial transcript and a memorandum of law with transcript citations were necessary to permit an informed decision on the motion and ordered defendants to re-file the motion with citations to the transcript. Plaintiff objected when the renewed motion was presented to the trial judge on grounds that it was time-barred. The trial judge overruled those objections, and the Second Circuit affirmed, holding that the renewed motion "was in effect the *same* motion which had remained undecided, supplemented by the transcript and additional arguments" and that the trial judge "was correct in treating the 'renewed motion' as an amendment or *enlargement of the original motion*." 15 F.3d at 263 (emphasis added).[5]

In this case as well, the Court considers Defendants' renewed motion for JNOV to be a supplement to the initial motion. For this reason, Plaintiffs' arguments regarding the appropriateness of time extension to be moot. Having determined that the renewed motion is

---

[4] *See* Doc. 234, Reply to Defts' Amended Renewed Motion for JNOV, at 2.

[5] The Second Circuit took issue with language in the amended scheduling order which called for "withdrawal" of the initial motion because it considered the renewed motion to be a supplementation of the first motion, as opposed to a second motion. The court of appeals otherwise held it permissible to allow defendants to re-file the motion with appropriate supplementation and documentation.

4

timely under the federal rules of procedure, the Court also finds, pursuant to Fed.R.App.P.12.1(b), that Defendants' renewed motion for JNOV raises a substantial issue. The Court expects that, also pursuant to the same rule, the Tenth Circuit will advise whether it will remand for further proceedings or dismiss the appeal which has been filed. *See also* Fed.R.Civ.P. 62.1 (tracking language in Fed.R.App.P.12.1(b)).

## Conclusion

I find and conclude that Defendants' renewed motion is a supplementation of the initial motion, and thus was timely filed under the federal rules of civil procedure. The Court also finds that Defendants' renewed motion for JNOV raises a substantial issue.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion for Clarification of Order, or in the Alternative, for Extension of Time to Appeal **(Doc. 233)** is granted, with the Court finding that Defendants' Amended Renewed Motion for Judgment as a Matter of Law has been timely filed.

_____
UNITED STATES DISTRICT JUDGE