IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

————————————

PHILLIP MARTINEZ and RICARDO
SARMIENTO,

        Plaintiffs,

       v.                                   No. 08-cv-1046 WJ/LFG

GARY CARSON and DON MANGIN,
in their individual capacities,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES

THIS MATTER comes before the Court upon Plaintiffs' Supplemental Motion for

Attorney Fees and Costs, filed September 6, 2011 (**Doc. 237**).  Having considered the parties'

briefs and the applicable law, I find that Plaintiffs' motion is well-taken and will be granted for

the most part, and denied with respect to fees related to work done responding to Defendants'

third post-judgment motion.

### Background

Plaintiffs were the prevailing party in the underlying § 1983 litigation alleging Fourth

Amendment violations.  On April 6, 2011, a jury returned a verdict in favor of Plaintiffs in the

amount of $2,500 in compensatory damages and $2,500 in punitive damages against each

Defendant (Doc. 191).

The facts in the underlying case are set out in detail in the Memorandum Opinion and

Order which awarded Plaintiffs $103,884.54 in attorney fees and expenses, and those facts need

not be repeated here.  *See* Doc. 231.  In that Order, the Court determined that Plaintiffs were a

prevailing party, but adjusted the lodestar figure downward by ten percent, based on the fact that Plaintiffs prevailed on claims with a lesser scope than those they initially asserted.  Doc. 231 at 11-12.  In that Order, the Court also invited Plaintiffs to request fees related to work regarding the hearing on their motion for attorney fees (Doc. 227), the supplemental affidavits ordered by the Court (Doc. 226), and Defendants' Amended Renewed Motion for Judgment as a Matter of Law (Doc. 229), based on the rates previously awarded by the Court.  Complying with that Order, Plaintiffs submitted the instant motion and affidavits explaining and supporting the fee request.  Doc. 231 at 14-15.

## Discussion

The supplemental petition seeks fees and costs for work beginning after the trial transcripts were filed (Docs. 218, 219, 220), and after the Court issued the Memorandum Opinion and Order which denied Defendants' first post-judgment motion on July 7, 2011 (Doc. 215).  The petition specifically covers the following items of work:

(1)     Preparation for the hearing on Plaintiffs' earlier fee petition;

(2)     Responding to Defendants' expedited motion to vacate and reset the hearing;

(3)     Appearing at the hearing on Plaintiffs' earlier fee petition;

(4)     Preparation of a supplemental affidavit as directed by the Court at the hearing;

(5)     Responding to Defendants' second post-judgment motion;

(6)     Reviewing the trial transcripts in order to check transcript citations

(7)     Preparing this supplemental fee petition and the attached supplemental affidavits; and

(8)     Responding to Defendants' third post-judgment motion.

## I.     Request for Fees

The supplemental petition sets out the hours expended on the above items, including both

2

Plaintiffs' requested rates, and the rates previously approved by the in its earlier Order awarding fees. The Court-approved hourly rate for Mr. Paul Kennedy is $350.00, and the approved rate for Mr. Arne Leonard is $200.00. These rates will be adopted here as well.

To determine the reasonableness of a fee request, a court must begin by calculating the "lodestar amount" of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a "reasonable" fee. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-65 (1986). The lodestar calculation is the product of the number of "reasonable hours" and a "reasonable rate." *Cooper v. Utah*, 894 F.2d 1169, 1171 (10th Cir. 1990). Mr. Kennedy has submitted an affidavit reflecting time sheets for 13 hours; Mr. Arne's time sheet indicates that he worked 54.1 hours on the above-listed items.

A.    Work Done Relating to Responding to Defendants' Third Post-Judgment Motion

In considering the reasonableness of the number of hours worked by both counsel, the Court notes that item number 8, which relates to work done responding to what Plaintiffs refer to as Defendants' "third post-judgment motion," was not contemplated by the Court's Order allowing the supplemental fee petition. At the time of the Court's Order, Defendants had not yet filed that motion. Plaintiffs contend that Defendants' third post-judgment motion constitutes newly discovered evidence under Fed.R.Civ.P. 59(e) which provides grounds for amending the Court's prior award of attorney fees and for adding it to the list of work items to be reimbursed by the Court. Defendants oppose an award of fees for this item.

Defendants' third post-judgment motion was actually a Motion for Clarification. Plaintiffs correctly point out that they were forced to respond to that motion, but that is not the end of the matter. The impetus for Defendants' decision to file the Motion for Clarification was actually Plaintiffs' challenge to Defendants' Amended Renewed Motion for Judgment as a

3

Matter of Law ("Renewed JNOV Motion") as untimely— even though the Court had ordered Defendants to re-file.  *See* Doc. 215.  Defendants also sought clarification in light of an Order issued by the Tenth Circuit which questioned this Court's jurisdiction in ruling on the renewed motion.  *See* Doc. 238 at 2 (citing Appellate Case 11-2095, Doc. No. 01018691734, filed Aug. 10, 2011).  Defendants sought assurance that this Court intended to retain jurisdiction over the case, pursuant to Fed.R.App.P.12.1 and Fed.R.Civ.P. 62.1.  The Court granted Defendants' motion, finding that Defendants' Renewed JNOV Motion had been timely filed.  Doc. 238 at 5.  Given the circumstances in which Defendants filed this "third post-judgment motion," the Court is inclined to deny fee reimbursement for work done by Plaintiffs responding to that motion.

B.    Work Done Responding to Post-Judgment Motions

       Defendants claim that fees should not be awarded for responding to their Renewed JNOV Motion because Plaintiffs have already received their attorneys' fees for work done in that regard as part of the original award.  In support of this contention, Defendants point to language in the Court's Order overruling Defendants' objections to "work billed by Plaintiffs' attorneys on post-judgment matters in this case."  *See* Doc. 231 at 11.[1]

       It is true that Plaintiffs have already been awarded fees for work done responding to Defendants' first JNOV motion.  However, the Court's intention is to award fees in relation to work done in responding to Defendants' Renewed JNOV motion as well.  The Court denied Defendants' first JNOV motion without prejudice, subject to its re-filing "with appropriate citations to the trial transcript."  Doc. 215 at 3.  I find it somewhat simplistic for Defendants to

_____

       [1] Plaintiffs' reply to their motion for fees included updated time entries indicating that Mr. Kennedy billed 5.8 hours, and Mr. Leonard 27.2 hours related to preparing the response to Defendants' first JNOV motion.  Docs. 210-1 and 210-2.

argue that reimbursement of fees for the re-filing of the JNOV motion should be limited only to a "review" of the renewed motion and trial transcript, and should not include legal research or drafting.  This objection is overruled.

Defendants also dispute certain time entries by Mr. Leonard which they claim have a questionable relationship to work done responding to Defendants' Renewed JNOV Motion.  The Court rejects these arguments as well: whether the work involved was editing affidavits or doing research, both of these tasks were necessary in responding to Defendants' Renewed JNOV Motion.   In response to Defendants' general objection to the excessive nature of the requested fees, the Court again reminds Defendants that the "length of complexity of these proceedings was due in part to the aggressiveness with which Defendants litigated the case."   Doc. 231 at 13. The Court has also noted that:

> It should therefore come as no surprise to a defendant that the more aggressively he or she defends a civil rights case, the higher the attorney fee request by a prevailing plaintiff will be. When the defendant chooses to aggressively defend a civil rights case, the plaintiff should not be forced to simply lie down in face of such tactics.

Doc. 231 at 13, n.5.

C.     <u>Determination of Attorneys' Fees</u>

As a result of the Court's determination that fees will not be allowed for work expended in responding to Defendants' third post-judgment motion, Mr. Kennedy's hours will be reduced by the one hour spent related to Defendants' Motion for Clarification, and Mr. Leonard's hours reduced by the 14 hours spent on the same matter.[2]  Thus, the lodestar amount of fees is a total of

---

[2]  Mr. Leonard worked on matters related to Defendants' third post-judgment motion for 13.8 hours, which the Court rounds off to 14 hours.   As Defendants note, one of Mr. Leonard's time entries, dated 9/2/2011,  contain block billing for work related to both Defendants' Renewed JNOV Motion (for which the Court will award fees), as well as the Motion for

**$12,220.00**, based on the following computation:

> Mr. Kennedy: 12 hours x $350/hour = $4200.00
>
> Mr. Leonard:  40.1 hours x $200/hour = $8020.00

The "lodestar" amount may then be adjusted upward or downward, depending on the degree of success obtained.  *Hensley*, 461 U.S. at 435-356, quoted in *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 39 F.3d 1482, 1493 (10th Cir. 1994).  The Court agrees with Plaintiffs that no reduction in the lodestar amount is warranted, because there is no issue of partial success with the work expended post-judgment, and because the Court is not awarding fees for work done in relation to Defendants' Motion for Clarification.

**II.     Request for Costs**

Plaintiffs also request costs for the ordering of trial transcripts because review of those transcripts was necessary in order to check the accuracy and completeness of the transcript citations in Defendants' Renewed JNOV Motion.  In its Order, the Court allowed Plaintiffs to request fees related to work regarding Defendants' Amended Renewed Motion for Judgment as a Matter of Law (Doc. 229).  The question here is whether the cost of trial transcripts should be included in this category.

As a general rule, taxation of costs for daily copy is not allowed absent prior court approval.  *Manildra Mill. Corp. v. Ogilvie Mills, Inc*., 878 F.Supp. 1417, 1426 (D.Kan.,1995) (a court can use its discretion to award the cost where daily copy proved invaluable to both the counsel and the court) (quoted case omitted).  Defendants oppose the request, and the Court

---

Clarification (which the Court is disallowing).  Since it is not clear how  3.2 hours were split between the two matters, the Court finds it more than fair to round out the disallowed portion of time downward by .2 hours.

agrees that Plaintiffs are not entitled to the costs of trial transcripts.

First, Plaintiffs admit that they originally ordered the transcripts for purpose of their pending appeal. The Notice of Appeal was filed prior to the time the Court ruled on Defendants' first JNOV motion. Defendants ordered and paid for their own copy of the transcripts after the Court denied their first JNOV motion, requiring them to re-file the motion with transcript citations. By that time, however, Plaintiffs already had a copy of the trial transcript they had purchased for their own purpose of filing an appeal. Thus, because Plaintiffs were not required to obtain the transcripts in order to respond to Defendants' Renewed JNOV motion, I will not allow this cost. To do so would be to award Plaintiffs a windfall which cannot be justified by the Court's previous Order. Moreover, Plaintiffs do not present any documentation to support the cost of the trial transcript, even assuming the Court was inclined to allow this cost. Instead, Plaintiffs' rather glib proposal is that the Court should ask the court reporter for a copy of the bill that was sent to Plaintiffs, and then do its own calculations in order to arrive at the cost of the trial transcript.[3]

### Conclusion

I find and conclude that Plaintiffs are entitled to attorney fees in the amount of $12,220.00, based on an award of $4200.00 for Mr. Kennedy and $8020.00 for Mr. Leonard.

I also find and conclude that fees shall not be awarded for work done in connection with

---

[3] *See* Doc. 237 at 6:
> To the extent that the transcripts ordered for the appeal include two hearings. . . in addition to the trial. . . the cost of transcribing those two hearings can be ascertained from the court reporter and deducted from the total cost of all transcripts ($2,184.89) to arrive at the transcript cost relating to Defendants' second post-judgment motion.

Doc. 237 at 6.

responding to Defendants' Motion for Clarification and that the Court will not award costs for trial transcripts.

Plaintiffs's counsel are entitled to gross receipts tax, adjusted for the hours for which a fee award has been allowed, as well as pre-judgment interest (to which Defendants have not objected).

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Supplemental Motion for Attorney Fees and Costs (**Doc. 237**) is hereby GRANTED IN PART, in that Plaintiffs are hereby awarded $12,220.00 in attorney's fees and expenses, plus gross receipts tax and pre-judgment interest.

_____
UNITED STATES DISTRICT JUDGE